IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:12-CV-766-D

| | | |
|---|---|---|
| ANGELA M. RIDDICK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| ERIC K. SHINSEKI, Secretary, | ) | |
| Department of Veterans Affairs, | ) | |
| | ) | |
| Defendant. | ) | |

Angela M. Riddick ("Riddick" or "plaintiff") is a former employee of the Department of Veterans Affairs ("the Agency") in Fayetteville, North Carolina. On September 11, 2008, Riddick filed an Equal Employment Opportunity Commission ("EEOC") charge alleging retaliation and retaliatory harassment in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"). See [D.E. 8-1; 17-1]. On November 1, 2010, an EEOC administrative judge determined that Riddick had been subject to reprisal and awarded her non-pecuniary damages of $35,000 and conditional reinstatement to her former position. See [D.E. 8-1] 12–13. On December 15, 2010, the Agency issued a final order agreeing with the administrative judge's findings but challenging the award of $35,000 and reinstatement. See [D.E. 17-1], Ex. 1. The Agency timely appealed the administrative judge's order. See [D.E. 17-2]. On November 23, 2011, the EEOC affirmed the administrative judge's findings, but rejected the award of reinstatement and decreased the award of non-pecuniary damages to $10,000. Id. Riddick timely filed a motion for reconsideration, but the Office of Federal Operations ("OFO") denied that motion on May 10, 2012. See [D.E. 17-3].

On August 9, 2012, Riddick, who is proceeding pro se, filed a request for leave to proceed in forma pauperis ("IFP") and for court-appointed counsel [D.E. 1], and attached several documents

[D.E. 1-1–3]. On August 24, 2012, Magistrate Judge Webb denied without prejudice Riddick's request for counsel and for IFP status [D.E. 2]. On September 25, 2012, Riddick again moved to proceed IFP [D.E. 3]. Judge Webb denied that motion the same day and ordered Riddick to pay the filing fee within 30 days. [D.E. 4]. After receiving an extension of time [D.E. 6], Riddick paid the filing fee on November 26, 2012 [D.E. 7]. On November 27, 2012, Riddick filed a document that was docketed as a complaint [D.E. 8], which named Secretary of the Department of Veterans Affairs Eric K. Shinseki ("Secretary") as defendant.

On February 8, 2013, the Secretary moved to dismiss Riddick's complaint as untimely [D.E. 15] and filed a supporting memorandum [D.E. 17]. Riddick responded in opposition [D.E. 21]. As explained below, the court grants the Secretary's motion to dismiss.

I.

A motion to dismiss under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted" tests whether the complaint is legally and factually sufficient. See Fed. R. Civ. P. 12(b)(6); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). The court "accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff in weighing the legal sufficiency of the complaint." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009). Furthermore, "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson, 551 U.S. at 94 (quotation omitted). In considering the motion, the court may take judicial notice of matters of public record. Sec'y of State for Def. v. Trimble Navigation Ltd., 484 F.3d 700, 705 (4th Cir. 2007). The court also may

2

consider documents attached to the complaint and documents attached to the motion to dismiss if those documents are integral to the complaint and authentic. Id.

A claimant must appeal a final decision of the EEOC regarding discrimination by a federal agency within 90 days of receiving notice of that decision. 42 U.S.C. § 2000e-16(c); see Cochran v. Holder, 564 F.3d 318, 320 (4th Cir. 2009). Unless "reasonable grounds exist for an equitable tolling of the filing period," a complaint filed outside the 90-day period must be dismissed. See Harvey v. City of New Bern Police Dep't, 813 F.2d 652, 654 (4th Cir. 1987). The filing period is tolled by an IFP application, but begins running again when the IFP application is denied. Truitt v. Cnty. of Wayne, 148 F.3d 644, 647–48 (6th Cir. 1998); Williams-Guice v. Bd. of Educ., 45 F.3d 161, 164–65 (7th Cir. 1995); Jarrett v. US Sprint Commc'ns Co., 22 F.3d 256, 259–60 (10th Cir. 1994); Roach v. Hilton World-Wide, Inc., No. 5:12-CV-309-D, 2013 WL 556195, at *3 (E.D.N.C. Feb. 12, 2013) (unpublished).

The OFO mailed notice of its final decision on May 10, 2012. See [D.E. 17-3]. Adding three days for receipt via mail and allowing for weekends, Riddick is presumed to have received the notice on or about May 14, 2012. See Fed. R. Civ. P. 6(d); Baldwin Cnty. Welcome Ctr. v. Brown, 466 U.S. 147, 148 n.1 (1984) (per curiam); Loubriel v. Fondo del Seguro del Estado, 694 F.3d 139, 143 & n.3 (1st Cir. 2012) (collecting cases); Dixon v. Digital Equip. Corp., 976 F.2d 725, 1992 WL 245867, at *1 (4th Cir. 1992) (per curiam) (unpublished table decision). The 90-day period therefore extended until on or about August 13, 2012. Riddick filed her IFP application on August 9, 2012 and thereby tolled the running of the last few days of the limitations period. See [D.E. 1]. On August 24, 2012, Judge Webb denied Riddick's IFP application and a copy of the order was mailed to Riddick. See [D.E. 2]. Adding three days for receipt via mail, Riddick received the order on or about August 28, 2012, and the limitations period began running again. Because only a few days

of the 90-day period remained, the limitations period expired in early September 2012. See Truitt, 148 F.3d at 647–48; Williams-Guice, 45 F.3d at 164–65. Riddick failed to file anything else with the court before September 25, 2012 [D.E. 3], and did not pay the filing fee or file her complaint until late November 2012. See [D.E. 7–8]. Thus, her complaint is untimely.

Riddick argues that the extension of time to pay the filing fee granted in October 2012 [D.E. 6] renders her complaint timely, and that she has otherwise been diligent in pursuing this claim. See [D.E. 21] 1–2. However, as discussed, the statute of limitations expired in early September 2012, long before Riddick requested or received an extension of time to pay the filing fee. See [D.E. 5–6].

Nothing warrants equitable tolling. See, e.g., Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 95–96 (1990); Hallstrom v. Tillamook Cnty., 493 U.S. 20, 27 (1989); Chao v. Va. Dep't of Transp., 291 F.3d 276, 283 (4th Cir. 2002); Truitt, 148 F.3d at 648–49; Harvey, 813 F.2d at 654. Notably, the OFO decision advised Riddick that she had 90 days to file a civil action, and that a request for court-appointed counsel and for IFP status "does not extend [the] time in which to file a civil action." [D.E. 17-3] 4. Riddick understood that her August 9, 2012, submission did not constitute the filing of a civil action, but was merely a request to file an action without paying the filing fee. See [D.E. 1] 1–2 (document titled "Request to File A Civil Action"). Riddick did not respond promptly to the August 24, 2012, denial of IFP status and thus failed to act diligently. See Truitt, 148 F.3d at 648. Accordingly, Riddick's claims are untimely and are dismissed for failure to state a claim upon which relief can be granted.

II.

In sum, defendants' motion to dismiss for failure to state a claim under Rule 12(b)(6) [D.E. 15] is GRANTED.

4

SO ORDERED. This _13_ day of May 2013.

                                              JAMES C. DEVER III
                                              Chief United States District Judge